**THE BARBARA CATES.**
No. 9.

District Court, E. D. Pennsylvania.
June 27, 1934.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., for libelant.

Rawle & Henderson, of Philadelphia, Pa., and Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for respondent.

DICKINSON, District Judge.

These exceptions raise the question of jurisdiction in admiralty. Whether any complaint is the proper subject of the law maritime, and hence whether it is of admiralty jurisdiction, is a subject, unavoidably or purposely, left murky.

The instant case concerns itself with a collision between a vessel and a construction in navigable waters. The abstract proposition has been well expressed in the phrases that the question turns "upon the locality of the tort, the nature of the structure and its use." It is thus clear that whether a given case is the proper subject of admiralty jurisdiction turns upon a fact finding upon which many considerations bear. The question of whether a court has jurisdiction of the subject-matter in dispute is an omnipresent question. It may be raised at any time, either by a party or by the court of its own volition. Here the attempt is to raise it by exceptions to the libel. The question may be properly so raised; but it necessarily results in the court determining a question of fact upon the bare averments of a pleading.

The case of The Senator (D. C.) 54 F. (2d) 420, supplies us with a precedent. It would seem that the structure there was the same structure with which the instant case concerns itself. We make the same disposition of the exceptions here filed as was made of the exceptions there filed.

The exceptions are for the present overruled without prejudice; the court not now determining the question of jurisdiction, but reserving the same for further ruling.