## THE BERTIE E. TULL.

### CHESAPEAKE MARINE RY. CO. v. UNITED STATES.

### No. 1410.

#### District Court, D. Delaware.
#### April 8, 1935.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., for libelant.

John H. Skeen (of Emory, Beeuwkes, Skeen & Oppenheimer) and George W. P. Whip, both of Baltimore, Md., and William G. Mahaffy, of Wilmington, Del., for respondent.

NIELDS, District Judge.

The United States has excepted to the cross-libel of the Chesapeake Marine Railway Company, claimant of the freight motor vessel Bertie E. Tull, upon the ground that the cross-libel sounds in tort and cannot be maintained against the United States.

The United States filed its libel against the above-named vessel for damages to its dyke in the Delaware river extending in a northwesterly direction from Pea Patch Island. Jurisdiction of this libel will be assumed at this stage of the litigation. The Barbara Cates (D. C.) 8 F. Supp. 470; The Senator (D. C.) 54 F.(2d) 420.

The question for determination is the jurisdiction of this court to entertain the cross-libel. Respondent contends its cross-libel is maintainable on two grounds: (1) When the United States comes into court to assert a claim, it discards its sovereign character and assumes the status of a private suitor; (2) section 783 of title 46 USCA, expressly authorizes the cross-libel.

The F. J. Luckenbach and the Thekla were in collision with large damage to the Thekla. The owner of the Luckenbach filed a libel in rem against the Thekla. Later a cross-libel in rem was filed by the owners of the Thekla against the Luckenbach. It appeared that the Luckenbach was under charter to the United States for use as an army transport. The United States became a party libelant as owner pro hac vice of the Luckenbach. The subject-matter was a collision between two vessels. The United States was a libelant. The court held the Luckenbach solely at fault and entered a decree for the cross-libelant against the United States. The court so held upon the theory that the United States, upon instituting the suit, consented to be bound by any decision respecting the subject-matter. Upon these facts, Mr. Justice Holmes held:

"When the United States comes into Court to assert a claim it so far takes the position of a private suitor as to agree by implication that justice may be done with regard to the subject matter. * * * The subject matter is the collision, rather than the vessel first libelled. * *. * The reasons that have prevailed against creating a government liability in tort do not apply to a case like this, and on the other hand the reasons are strong for not obstructing the application of natural justice against the Government by technical formulas when justice can be done without endangering any public interest. As has been said in other cases the question of damages to the colliding vessel necessarily arose and it is reasonable for the Court to proceed to the determination of all the questions legitimately involved, even when it results in a judgment for damages against the United States." United States v. The Thekla, 266 U. S. 328, 339, 45 S. Ct. 112, 113, 69 L. Ed. 313.

The dyke involved in the case at bar concerns commerce and navigation over which the admiralty has jurisdiction. In the Thekla Case the subject-matter was a collision between two vessels. In the case at bar the collision was between a dyke and a vessel. In both cases the subject-matter is a collision cognizable in admiralty. What was said in the Thekla Case clearly applies in the present case.

The Thekla Case was decided in December, 1924. Apparently section 783 of

title 46 USCA, approved March 3, 1925, was enacted to give statutory authority to the Thekla decision. In effect, the statute provides that when the United States files a libel for damages against a privately owned vessel the owner of that vessel may file a cross-libel against the United States on account of any damages arising out of the same subject-matter. It is significant that the expression "subject matter" is used in this section as it was used in the Thekla opinion. The language of the section does not support the construction that a cross-libel may only be filed against a public vessel.

The exception must be overruled.